GREENBERG TRAURIG, LLP
MATHEW S. ROSENGART (SBN 255750)
MATTHEW R. GERSHMAN (SBN 253031)
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
rosengartm@gtlaw.com
gershmanm@gtlaw.com
Telephone:  310-586-7700
Facsimile:   310-586-7800

Attorneys for Petitioner,
RAVEN ASSET-BASED OPPORTUNITY FUND II LP

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVEN ASSET-BASED OPPORTUNITY FUND II LP,<br><br>            Petitioner,<br><br>v.<br><br>GREEN-LIGHT INTERNATIONAL, LLC,<br><br>            Respondent. | CASE NO.<br><br>**PETITION TO CONFIRM JAMS ARBITRATION AWARD** |

**PETITION TO CONFIRM PARTIAL FINAL ARBITRATION AWARD**

LA 132669678v1

Petitioner Raven Asset-Based Opportunity Fund II LP ("Fund II") brings this summary proceeding and applies under the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, to confirm an arbitration award issued by Judicial Arbitration and Mediation Services ("JAMS"), through its duly-appointed neutral arbitrator, Hon. Rosalyn Chapman (Ret.), against Respondent Green-Light International, LLC ("Respondent").

A true and correct copy of the governing Partial Final Award is attached hereto as Exhibit A, and this Petition should be granted and the Award confirmed because, as demonstrated herein and in the Award itself, the arbitration proceeding was in all respects proper and the Award is binding.

## PARTIES

1.      Petitioner Fund II is a Delaware limited partnership engaged in, among other things, lending, investing, and film financing.  At all relevant times, its partners were citizens of the State of New York.

2.      Respondent is a California limited liability company, which acts as a film sales agent and financier and, upon information and belief, is a California citizen, whose members, including its President Jeff Elliott and principals Chad Moore and Christian de Gallegos, are citizens of the State of California.

## SUBJECT-MATTER JURISDICTION

3.      Federal subject-matter jurisdiction exists under 28 U.S.C. § 1332(a)(2), because the diversity of citizenship between Petitioner and Respondent is complete and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      Further, federal question jurisdiction exists under 28 U.S.C. § 1331 because this proceeding arises under the Federal Arbitration Act, 9 U.S.C. § 9.

## VENUE

5.      Venue is proper in this District under 9 U.S.C. § 9, because the Partial Final Award was rendered in this District after Oral Argument and an Evidentiary Hearing, which also occurred within this District.

1

**PETITION TO CONFIRM PARTIAL FINAL ARBITRATION AWARD**

## FACTS

6.    As set forth in the accompanying Award, and as demonstrated before JAMS and noted below, the underlying arbitration arose from the evidently-larcenous misconduct of Respondent Green-Light International, LLC (or "GLI"), which includes GLI's misappropriation, diversion, and apparent conversion of hundreds of thousands of dollars of third-party funds to GLI's own JP Morgan Chase bank account.

7.    By way of background, Fund II and Respondent are parties to an "Inter-Party Agreement" dated November 12, 2015 concerning the 2016 motion picture "URGE" starring Pierce Brosnan and Ashley Greene, which is referred to as the "IPA." (A true and correct copy of the IPA is annexed hereto as Exhibit B.)

8.    The governing IPA provided for arbitration of disputes to take place in Los Angeles before JAMS.  (*See* Ex. B at ¶ 10.)

9.    Respondent was a motion picture sales agent for Petitioner with respect to selling foreign distribution rights for the motion picture URGE.  (Ex. A, at 7-8.)

10.    Pursuant to the term of the IPA, as well as industry practice, GLI was required to remit funds received from foreign film distributors in connection with the sales process (also referred to as "receipts") to a Collection Account managed by Freeway Entertainment KFT, a well-established film collection account manager, which was pre-approved by Respondent.  (*Id.*, at 7.)

11.    In 2016, Respondent solicited hundreds of thousands of dollars from various foreign film distributors in connection with licensing URGE for foreign distribution. However, instead of remitting those funds/receipts to the Collection Account as required by the IPA and industry practice, GLI secretly instructed the foreign distributors to remit the receipts into GLI's own private JP Morgan Chase Account.   (*Id.*, at 8.)

12.    Upon discovering that Respondent had illegally misappropriated and diverted the distributor funds (which according to copies of wire transfer and other records obtained by Petitioner, totaled *more than $410,000*) into its own bank account instead of having those funds deposited in the Collection Account managed by a neutral

2

**PETITION TO CONFIRM PARTIAL FINAL ARBITRATION AWARD**

1  third-party—as was required by the parties' contract (the IPA)—Petitioner initiated the

2  underlying JAMS arbitration.  (Ex. A.)

3      13.    Specifically, on April 29, 2016, Petitioner commenced arbitration against

4  Respondent before JAMS in Los Angeles.  (Ex. A, at 1-3.)

5      14.    Also on April 29, 2016, Petitioner requested that an Emergency Arbitrator

6  be appointed—pursuant to JAMS Rule 2(c)—to address and rule on Respondents'

7  request for emergency temporary relief to ensure the distributor fees that Respondent had

8  illegally misappropriated and diverted into its own bank account were not dissipated (or

9  stolen) by Respondent during the arbitration.  (*Id*.)

10      15.    Petitioner was particularly concerned about Respondent's potential

11  conversion and theft of the third-party funds at issue because (i) Respondent had

12  previously made various false representations to Petitioner (including that it would attend

13  the 2016 Berlin Film Market/Festival to "pre-sell" the URGE film, which it admittedly

14  failed to do); (ii) Respondent was a brand-new, fledgling company with no track record;

15  and (iii) Respondent's misconduct occurred on the eve of the 2016 Cannes Film Festival,

16  during which Petitioner's new sales agent hoped to make new foreign "pre-sales" of the

17  films.

18      16.    Pursuant to JAMS Rules, Judge Rosalyn Chapman—a retired federal jurist

19  (former United States Magistrate Judge) and Judge for the United Nations Appeals

20  Tribunal—was duly appointed as Arbitrator on or about May 2, 2016.  All disclosures

21  and appointment procedures were followed, Respondent accepted and asserted no

22  objections to Judge Chapman serving as the Arbitrator, and Respondent participated in

23  all arbitration proceedings.  (*See* Ex. A.)

24      17.    On May 10, 2016, a hearing was held at which counsel for all parties

25  appeared and presented oral argument.  Following oral argument, Judge Chapman

26  granted in part Petitioner's application for emergency temporary relief and ultimately

27  issued a reasoned Interim Order and Temporary Restraining Order, true and correct

28  copies of which are annexed hereto as Exhibits C and D, respectively.  Judge Chapman

3

**PETITION TO CONFIRM PARTIAL FINAL ARBITRATION AWARD**

1 also set a hearing on an OSC regarding why a Preliminary Injunction should not issue

2 against Respondent. (*Id*.)

3    18.    After full briefing by all parties and an extensive Evidentiary Hearing held

4 on May 26, 2016, at which counsel for all parties (as well as a representative for

5 Respondent, Chad Moore) appeared, Judge Chapman issued and executed on June 2,

6 2016 an 18-page reasoned Partial Final Award that granted the Preliminary Injunction

7 and included detailed factual findings and a detailed analysis addressing the parties'

8 respective arguments. (*Id*.)

9    19.    The June 2, 2016 Partial Final Award ordered Respondent to, among other

10 things: (i) "immediately transfer any and all receipts and revenues from foreign

11 distributors in connection with the motion picture Urge … to the Temporary Collection

12 Account . . . which Freeway Entertainment KFT has established at East West Bank and

13 which Freeway will manage," and (ii) "immediately" produce copies of "all monthly

14 financial statements" showing the location(s) of the Urge distributor proceeds from

15 December 1, 2015 to present. (Exhibit A [June 2, 2016 Partial Final Award at p. 17-18].)

16    20.    JAMS served the Partial Final Award on all parties on June 3, 2016. (*Id.*, at

17 attached June 3, 2016 Proof Of Service.)

18    21.    Subsequently, as a result of Respondent's misconduct during the arbitration

19 and contempt for and refusal to obey the Arbitrator's TRO and Preliminary Injunction

20 (including GLI's unlawful retention and apparent theft of several hundreds of thousands

21 of dollars of third-party funds), Petitioner filed an Application with JAMS For Monetary

22 Sanctions Against Respondent. (*See, e.g.,* Claimant's Request for Sanctions Pursuant to

23 JAMS Rule 29, a true and correct copy of which is annexed hereto as Exhibit E.)[1]

24

25 [1] On July 13, 2016, the Arbitrator *granted* Petitioner's Request for Attorneys' Fees and
Sanctions, as set forth in the accompanying "ORDER GRANTING APPLICATION OF
26 CLAIMANT RAVEN FUND II'S REQUEST FOR SANCTIONS," a true and correct
copy of which is annexed hereto as Exhibit F. In so doing, the Arbitrator ordered, among
27 other things, that "Respondent shall pay Claimant Fund II [the Petitioner] monetary
28 sanctions in the amount of $63,000." (Ex. F, at 8.)

4

**PETITION TO CONFIRM PARTIAL FINAL ARBITRATION AWARD**

## ARGUMENT

22.     Section 9 of the Federal Arbitration Act provides that a party may, within one year after an arbitration award is made, apply to the Court for an Order confirming the award, and thereupon the Court must grant such an order unless the award is vacated, modified, or corrected, as prescribed in Section 10 and 11 of this title.  9 U.S.C. § 9; *see also* JAMS Rule 25 ("Proceedings to enforce, confirm, modify or vacate an Award will be controlled by and conducted in conformity with the Federal Arbitration Act, 9 U.S.C. Sec 1, *et seq*., or applicable state law.  The Parties to an Arbitration under these Rules shall be deemed to have consented that judgment upon the Award may be entered in any court having jurisdiction thereof.").

23.     It is well established that "[t]he role of the courts in reviewing arbitration awards is extremely circumscribed."  *Southern California Gas Co. v. Util. Workers Union of Am. Local 132, AFL*-CIO, 265 F.3d 787, 792 (9th Cir. 2001).

24.     Further, "[t]he confirmation of an arbitration award is meant to be a summary proceeding."  *G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1105 (9th Cir. 2003).  Thus, judicial confirmation of an award is mandated and must be granted "even in the face of erroneous findings of fact or misinterpretations of the law." *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986). "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exception applies."  *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) (internal quotation omitted); *see also Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009) ("Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award") (quoting *Kyocera Corp. v. Prudential-Bache Trade Services*, *Inc.*, 341 F.3d 987994 (9th Cir. 2003).)

25.     There are no grounds to vacate, modify, or correct the Partial Final Award. *See, e.g., Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928, 937 (9th Cir. 2013) ("[A]n arbitrator generally has the authority to enter injunctive relief against a party that has

**PETITION TO CONFIRM PARTIAL FINAL ARBITRATION AWARD**

LA 132669678v1

entered into an arbitration agreement."); *Pacific Reinsurance Management Corp. v .Ohio Reinsurance Corp.*, 935 F.2d 1019, 1022-23 (9th Cir. 1991) ("Temporary equitable relief in arbitration may be essential to preserve assets or enforce performance which, if not preserved or enforced, may render a final award meaningless [and] if temporary equitable relief is to have any meaning, the relief must be enforceable at the time it is granted, not after an arbitrator's final decision on the merits.").

26.   For the foregoing reasons, Petitioner respectfully requests that this Court confirm the Partial Final Award, confirming it as a Judgment against Respondent by the Court under the Federal Arbitration Act.

**WHEREFORE,** Petitioner applies to the Court for a Judgment against Respondent confirming the Partial Final Award and directing entry of a Judgment:

(i)   Ordering Respondent to "immediately transfer any and all receipts and revenues from foreign distributors in connection with the motion picture Urge (the Urge Distributor Proceeds), previously received or received hereafter, to the Temporary Collection Account (beneficiary name "Stichting Freeway Custody – Temporary Urge Deposits") which Freeway Entertainment KFT has established at East West Bank and which Freeway will manage."[2]  (Award, Ex. A, at 17);

(ii)   That Respondent is "enjoined and prohibited from accessing, spending, using, transferring, dissipating or otherwise appropriating any of the Urge Distributor Proceeds, regardless of when Respondent received or will receive such Urge Distributor Proceeds." (*Id.*);

(iii)   Otherwise enforcing the relief set forth in the Award; and

(iv)   Granting such other and further relief, including attorneys' fees and costs, in favor of Petitioner as the Court deems just and proper.

---

[2] As noted herein and in the annexed Award, that sum totals no less than $410,430, and Respondent should be ordered to transfer that sum forthwith, in accordance with the Award.  (Award, Ex. A, at 9).

**PETITION TO CONFIRM PARTIAL FINAL ARBITRATION AWARD**

LA 132669678v1

1  Dated:  July 19, 2016                     GREENBERG TRAURIG, LLP

2

3                                   By:    /s/ Mathew S. Rosengart

4                                          Attorneys for Petitioner,

5                                          RAVEN ASSET-BASED OPPORTUNITY
                                           FUND II, LP
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PETITION TO CONFIRM PARTIAL FINAL ARBITRATION AWARD**

LA 132669678v1